UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| In re: | ) | Lead Case No. 1:03-cv-049 |
| | ) | |
| | ) | MDL Case No. 1:03-md-1552 |
| UNUM PROVIDENT CORP. | ) | |
| SECURITIES LITIGATION | ) | <u>CLASS ACTION</u> |
| | ) | |
| | ) | Judge Curtis L. Collier/ |
| | ) | Magistrate Judge C. Clifford Shirley, Jr. |

_____

| | | |
|---|---|---|
| SILVIO AZZOLINI, et al., | ) | Lead Case No. 1:03-cv-1003 |
| | ) | |
| Plaintiffs, | ) | MDL Case No. 1:03-md-1552 |
| | ) | |
| v. | ) | <u>CLASS ACTION</u> |
| | ) | |
| CORTS TRUST II FOR PROVIDENT | ) | Judge Curtis L. Collier/ |
| FINANCIAL TRUST I, STRUCTURED | ) | Magistrate Judge C. Clifford Shirley, Jr. |
| PRODUCTS CORP., SALOMON SMITH | ) | |
| BARNEY, INC., UNUMPROVIDENT | ) | |
| CORPORATION, J. HAROLD | ) | |
| CHANDLER and ROBERT C. GREVING, | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| HARRIET BERNSTEIN, | ) | Lead Case No. 1:03-cv-1005 |
| | ) | |
| Plaintiff, | ) | MDL Case No. 1:03-md-1552 |
| | ) | |
| v. | ) | <u>CLASS ACTION</u> |
| | ) | |
| CORTS TRUST FOR PROVIDENT | ) | Judge Curtis L. Collier/ |
| FINANCING TRUST I, STRUCTURED | ) | Magistrate Judge C. Clifford Shirley, Jr. |
| PRODUCTS CORP., UNUMPROVIDENT | ) | |
| CORP., J. HAROLD CHANDLER, | ) | |
| ROBERT C. GREVING, CITIGROUP, | ) | |
| INC., SALOMON SMITH BARNEY | ) | |
| HOLDINGS, INC., and SALOMON | ) | |

| | |
|---|---|
| SMITH BARNEY, INC., | ) |
| | ) |
| Defendants. | ) |

_____

| | | |
|---|---|---|
| In re: | ) | Lead Case No. 1:02-cv-386 |
| | ) | |
| | ) | MDL Case No. 1:03-md-1552 |
| UNUM PROVIDENT CORP. | ) | |
| DERIVATIVE LITIGATION | ) | <u>CLASS ACTION</u> |
| | ) | |
| | ) | Judge Curtis L. Collier/ |
| | ) | Magistrate Judge C. Clifford Shirley, Jr. |

_____

| | | |
|---|---|---|
| DOREEN GEE, et al., | ) | Lead Case No. 1:03-cv-147 |
| | ) | |
| Plaintiffs, | ) | MDL Case No. 1:03-md-1552 |
| | ) | |
| v. | ) | <u>CLASS ACTION</u> |
| | ) | |
| UNUMPROVIDENT CORP., et al., | ) | Judge Curtis L. Collier/ |
| | ) | Magistrate Judge C. Clifford Shirley, Jr. |
| Defendants. | ) | |

## **<u>MEMORANDUM & ORDER</u>**

Before the Court is the Plaintiff's Unopposed Motion to Vacate Briefing Schedule for Class Certification [Doc. 149] and the Joint Motion for Entry of Agreed Amended Discovery Order [Doc. 150].

The parties have conferred and agreed, with one exception, to an Agreed Amended Discovery Order ("Order"). The parties were unable to agree to a summary judgment schedule, as set forth in Section II of the Order. The defendants propose that the following language be included in this section of the Order:

> Any motion for summary judgment shall be filed on or before October 15, 2006. Responses to summary judgment motions shall be filed 45 days after service of the motion, and the moving party shall file any reply within 30 days thereafter.

The plaintiffs, on the other hand, propose the following language:

> Any motion for summary judgment shall be filed on or before November 1, 2006. Responses to summary judgment motions shall be filed by December 15, 2006, and the moving party shall file any reply by January 29, 2007.

The difference in these proposals arises from the parties' disagreement on the timing and number of dispositive motions that may be filed. The defendants contend that they have the right under Rule 56 of the Federal Rules of Civil Procedure to file a motion "at any time," and that as a result, they should not have to wait until the end of discovery to bring a summary judgment motion, particularly with respect to issues for which discovery has been completed. The plaintiffs argue that the defendants should be entitled to file only one summary judgment motion consolidating all grounds and that such motion should be brought only at the conclusion of merits discovery.

After careful consideration of the parties' positions, the Court concludes that the defendants' proposed language should be included in the Amended Discovery Order. Clearly, the Rules contemplate that dispositive motions may be filed while discovery is ongoing. Rule 56(a) provides that a party may move for summary judgment "at any time," and that the motion may be made with respect to "all or any part thereof." Fed. R. Civ. P. 56(a). Of course, the adverse party is entitled to complete discovery on the issues which are the subject of the motion, and "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition," the Court may refuse to grant the motion or may order a continuance to permit additional discovery. Fed. R. Civ. P. 56(f). For

3

these reasons, the Joint Motion for Entry of Agreed Amended Discovery Order [Doc. 150] is **GRANTED**, and the Order shall be entered with the defendants' proposed language in Section II.

With the entry of the Agreed Amended Discovery Order, it appears that the Plaintiff's Unopposed Motion to Vacate Briefing Schedule for Class Certification [Doc. 149] is rendered moot and therefore should be **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge